UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JAMES ROBINSON,

        Plaintiff,

    -against-

THE OFFICE OF THE DISTRICT ATTORNEY OF
KINGS COUNTY,

        Defendant.
----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

10 Civ. 2261 (BMC)(LB)

**COGAN**, District Judge.

*Pro se* plaintiff James Robinson, who is currently incarcerated at Rikers Island, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is dismissed for the reasons set forth below.

## BACKGROUND

This is the second action plaintiff has brought before this Court arising out of his arrest on March 14, 2009. In the first case, Robinson v. Mahmoud, 09cv1450, plaintiff alleged that the police officers who arrested him did so by entrapment. Plaintiff proceeded *pro se* and in May 2010 the parties settled for $2,000.

In this action, plaintiff claims that the District Attorney knew the underlying arrest was based on falsified information, but prosecuted and held him in custody for more than 68 days anyway. "When suppression hearings were scheduled to begin it was on that date that the District Attorney chose to dismiss their criminal prosecution in my favor and cease their

1

malicious prosecution of my person due to foresight that their criminal action wouldn't survive the suppression hearings." He does not name any individual defendants.

As a result of his arrest, imprisonment and prosecution, plaintiff alleges that he suffered emotional distress and mental anguish and that his rights under the Fourth, Eighth, Ninth, and Fourteenth Amendments were violated. He seeks $5 million in damages and the return of all fingerprints, photographs, and files related to the March 14, 2009 arrest.

## DISCUSSION

### A. Standard of Review

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this leave to amend must be granted. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that leave to amend need not be granted where the problem with plaintiff's complaint "is substantive[,] better pleading will not cure it [and] [r]epleading would thus be futile").

Pursuant to 28 U.S.C. § 1915(e)(2)(B) a district court must dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Subsection 1915A requires the district court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

2

complaint . . . seeks monetary relief from a defendant who is immune from such relief." See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

**B. Prosecutorial immunity**

Prosecutors have absolute immunity from suits for damages arising out of acts performed in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Warney v. Monroe County, 587 F.3d 113, 121 (2d Cir. 2009) (extending absolute prosecutorial immunity to post-conviction proceedings). Prosecutorial immunity extends to all acts "intimately associated with the judicial phase of the criminal process," but not to those "aspects of a prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate." Imbler, 424 U.S. at 430-31, 96 S.Ct. 984; see Van de Kamp v. Goldstein, 129 S.Ct. 855, 861 (2009) (collecting cases and noting that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding or appears in court to present evidence, but not when he gives advice to police during an investigation, makes statements to the press, or acts as a complaining witness). Generally, when a case is pending or when preparing for a court proceeding in which the prosecutor acts as an advocate, his work is "intimately associated with the judicial phase of the criminal process" and protected by absolute immunity. Id. at 864 (holding that prosecutor was immune when performing administrative acts because those acts were done in performance of an advocacy function).

Here, plaintiff's allegation is that the prosecutors knew the underlying arrest was unlawful but still chose to prosecute him. That wrongdoing falls squarely within the role of prosecutors as advocates. See, e.g., Warney, 587 F.3d at 125 (noting that if prosecutors had tested evidence but not disclosed it during trial, they would have violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), but would still be absolutely immune from personal liability).

Even if plaintiff were to amend to name individuals, as is required for § 1983 liability, it would be futile because those individual prosecutors would be absolutely immune from personal liability. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (noting that "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citations omitted). Accordingly, the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reasons stated above, the Court finds that all of plaintiff's claims against the Office of the District Attorney of Kings County must be dismissed. Since plaintiff's complaint seeks damages against defendants who are immune from such suits, and even a liberal reading of the complaint gives no indication that a valid claim could be stated, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 17, 2010